**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| ANTHONY MORGAN, <br><br> Plaintiff, <br><br> v. <br><br> CARDIOVASCULAR SYSTEMS, INC., SCOTT R. WARD, MARTHA G. ARONSON, WILLIAM COHN, AUGUSTINE LAWLOR, ERIK PAULSEN, STEPHEN STENBECK, and KELVIN WOMACK, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> JURY TRIAL DEMANDED |

Plaintiff Anthony Morgan ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Cardiovascular Systems, Inc. ("CSI" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Abbott Laboratories ("Abbott").[1]

2. On February 8, 2023, the Company entered into an Agreement and Plan of Merger with Abbott and Abbott's wholly owned subsidiary Cobra Acquisition Co. ("Merger

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

Sub"). The Merger Agreement provides that CSI stockholders will receive $20.00 in cash per share of CSI common stock in connection with the Proposed Transaction.

3. The Company's corporate directors subsequently authorized the March 23, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal

---

[2] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for April 27, 2023.

question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9. Plaintiff is, and has been at all times relevant hereto, the owner of CSI common stock.

10. Defendant CSI is a Delaware corporation with its principal executive offices located at 1225 Old Highway 8 Northwest, St. Paul, Minnesota 55112. CSI's shares trade on the Nasdaq Global Select Market under the ticker symbol "CSII." Founded in 1989, CSI is a medical technology company that develops and commercializes solutions to treat peripheral and coronary artery diseases in the United States and internationally. CSI offers peripheral artery disease products comprising catheter-based platforms to treat various plaque types in above and below the knee, including calcified plaque, as well as address various limitations related with surgical, catheter, and pharmacological treatment alternatives, and peripheral support products. The Company also provides Diamondback 360 Coronary orbital atherectomy systems ("OAS"), a coronary artery disease ("CAD") product designed to facilitate stent delivery in patients with CAD who are acceptable candidates for percutaneous transluminal coronary angioplasty or stenting due to severely calcified coronary artery lesions. In addition, CSI offers guidewires, catheters, balloons, embolic protection systems, and other OAS support

products.  The Company has a partnership with Chansu Vascular Technologies, LLC to develop novel peripheral and coronary everolimus drug-coated balloons.

11.     Defendant Scott R. Ward is and has been Chairman, President, Chief Executive Officer and a director of the Company at all times relevant hereto.

12.     Defendant Martha G. Aronson is and has been a director of the Company at all times relevant hereto.

13.     Defendant William Cohn is and has been a director of the Company at all times relevant hereto.

14.     Defendant Augustine Lawlor is and has been a director of the Company at all times relevant hereto.

15.     Defendant Erik Paulsen is and has been a director of the Company at all times relevant hereto.

16.     Defendant Stephen Stenbeck is and has been a director of the Company at all times relevant hereto.

17.     Defendant Kelvin Womack is and has been a director of the Company at all times relevant hereto.

18.     Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19.     On February 8, 2023, CSI and Abbott jointly announced in relevant part:

ABBOTT PARK, Ill. and ST. PAUL, Minn., Feb. 8, 2023 /PRNewswire/ -- Abbott (NYSE: ABT) and Cardiovascular Systems, Inc. (CSI), today announced a definitive agreement for Abbott to acquire CSI, a medical device company

4

with an innovative atherectomy system used in treating peripheral and coronary artery disease. Under terms of the agreement, CSI stockholders will receive $20 per common share at a total expected equity value of approximately $890 million.

CSI is a leader in devices for atherectomy, a minimally invasive treatment for plaque build-up in arteries that can restrict blood flow. Procedural use of atherectomy can help maximize the benefits of standard balloon angioplasty or stent treatments in restoring blood flow in complex arterial disease. CSI also has an early-stage pipeline of complementary vascular intervention devices in development.

"The acquisition of CSI will add new, complementary technologies to Abbott's leading vascular device offerings," said Lisa Earnhardt, executive vice president, Medical Devices, Abbott. "CSI has a talented and experienced team and a leading atherectomy system that will allow Abbott to provide physicians more tools to help patients live fuller lives."

"We are pleased to have reached an agreement with a leading global company that shares our passion for the development and commercialization of innovative solutions for treating complex peripheral vascular disease and coronary artery disease," said Scott Ward, CSI's chairman, president and chief executive officer. "We believe combining with Abbott delivers value to our patients, physician customers, employees and stockholders while continuing our work to save limbs and save lives every day."

**Financial Impact of Transaction**

Upon close, the transaction is expected to be neutral to Abbott's recently issued 2023 ongoing earnings per share guidance.

The transaction, which has been approved by the boards of directors of CSI and Abbott, is subject to the approval of CSI stockholders and the satisfaction of customary closing conditions, including applicable regulatory approvals.

J.P. Morgan Securities LLC is serving as financial advisor to CSI.

**The Materially Incomplete and Misleading Proxy Statement**

20.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on March 23, 2023  The Proxy Statement, which recommends that CSI stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material

information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for CSI; (b) the financial analyses that support the fairness opinions provided by the Company's financial advisor, J.P. Morgan Securities LLC ("J.P. Morgan"); (c) the background of the Proposed Transaction; and (d) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts and*

21. The Proxy Statement fails to disclose material information concerning CSI's financial forecasts, including the line items underlying the Company's "Strategic Plan Projections" for both Adjusted EBITDA and Unlevered Free Cash Flow.

22. The Proxy Statement further fails to disclose the assumptions underlying the "Strategic Plan Projections."[3]

*Material Misrepresentations and/or Omissions Concerning J.P. Morgan's Financial Analyses*

23. The Proxy Statement fails to disclose material information concerning J.P. Morgan's and Evercore's respective financial analyses.

24. With respect to the *Discounted Cash Flow Analysis* performed by J.P. Morgan, the Proxy Statement fails to disclose: (a) the Company's terminal values; (b) the present value of CSI's net operating losses as of December 31, 2022; and (c) the Company's fully diluted outstanding shares.

---

[3] *See* Proxy Statement at 39. Specifically, these omissions include any of the assumptions concerning the "innovative potential of new products, product development requirements, preclinical and clinical research requirements, regulatory requirements, commercial launch dates, market sizes, market penetration, market shares, competitive landscape, average selling prices, product costs, gross margins, regulatory approvals, timing of new geographic launches, and operating expense estimates." *Id.*

25. With respect to the *Selected Transactions Multiple Analysis* and *Public Trading Multiples Analysis* performed by J.P. Morgan, the Proxy Statement fails to disclose the respective individual multiples and financial metrics for each of the selected companies and transactions analyzed by the financial advisor.

26. With respect to the *Public Trading Multiples Analysis* and *Selected Transaction Multiples Analysis* performed by J.P. Morgan the Proxy Statement fails to disclose the respective individual multiples and financial metrics for each of the selected companies and transactions analyzed by the financial advisor.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

27. The Proxy Statement fails to disclose material information concerning the background leading to the Proposed Transaction, including the terms of the confidentiality agreements the Company entered into with three parties between October 2020 and May 2022 – or any other confidentiality agreements entered into prior to the Proposed Transaction. This omission includes whether either confidentiality agreement contains a "don't-ask, don't-waive" standstill provision that is still in effect and presently precluding either party from submitting a topping bid for the Company.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

28. The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by Company insiders, including whether any of Abbott's proposals or indications of interest mentioned management retention in the combined company

following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

29. The omission of the above-referenced information renders statements in the "Financial Projections," "Opinion of J.P. Morgan Securities LLC," "Background of the Merger," and "Interests of CSI's Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

30. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and CSI**

31. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

32. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. CSI is liable as the issuer of these statements.

33. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual

Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

34. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

36. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

37. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

38. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of CSI within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of CSI and participation in and/or awareness of the Company's

operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

42. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

43. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

44. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: March 30, 2023                              **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*